IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLEVELAND BIAS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-3050-N-BH |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*, filed November 5, 2019 (doc. 26). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On October 31, 2016, Cleveland Bias (Plaintiff) filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security (Commissioner)[2] that denied his claims for disability insurance benefits under the Social Security Act. (doc. 1.)[3] On November 27, 2017, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 17-19.) Plaintiff then moved for, and was granted, additional time to file his motion for attorney's fees under § 406(b) of the Social Security Act "until after conclusion of the administrative proceedings, including the determination of the administrative fee in this case."

---

[1] By *Special Order No. 3-251*, this social security appeal was automatically referred for full case management.

[2] At the time this appeal was filed, Nancy A. Berryhill was the Acting Commissioner of the Social Security Administration, but Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(docs. 20, 21.) On June 18, 2018, the District Court granted Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $7,011.43.[4] (docs. 22, 25.)

On remand, the Commissioner rendered a decision in favor of Plaintiff and awarded past-due benefits in the amount of $114,075.00. (docs. 26 at 2; 26-1.) As provided by a contingency fee agreement, Plaintiff now seeks approval under § 406(b) of the Social Security Act to pay his attorney fees in the amount of $27,000.00, which represents less than 20% of the past-due benefits he received. (docs. 26 at 7-8; 26-3.) The Commissioner timely responded. (doc. 28.)

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A).[5] While § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing

---

[4]This amount excludes the $400.00 awarded for court costs. (*See* doc. 25.)

[5]The Supreme Court recently clarified that this 25 percent cap only applies to fees for court representation and does not include fees awarded under § 406(a) for agency representation. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

Social Security benefits claimants in court," agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, however, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*[6]

## A.    Timeliness

Although unclear, the Commissioner appears to raise the issue of whether the motion for fees is untimely. (*See* doc. 28 at 7-8.)

While § 406(b) itself does not contain a specific time period for the filing of a request for attorney's fees, the Fifth Circuit has suggested that a motion for attorney's fees under § 406(b) should be filed within 14 days of the entry of final judgment, as required by Federal Rule of Civil Procedure 54(d)(2). *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006) (noting that Rule 54(d)(2)(B) provides for a 14–day period for requesting attorney's fees "[u]nless otherwise provided by statute or order of the court" and finding abuse of discretion where district court dismissed applications as untimely without first imposing a deadline to re-file plaintiff's premature attorney's fees applications). The court recognized, however, that when a case is remanded back to the Commissioner for further proceedings, the outcome of those proceedings is unknown, and therefore it would be premature for a plaintiff to request attorney's fees within 14 days of the entry of judgment. *Foster v. Astrue*, No. CIV.A. H-09-173, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 6,

---

[6] The Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request on grounds that he "is not the true party in interest[,]" and he instead asks the court to resolve the questions of reasonableness and timeliness. (doc. 28 at 1-2.) As the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Questioning the reasonableness of the fees sought appears consistent with this role.

3

2011) (citing *id.*); *Wilcox v. Astrue*, No. CIV.A. 3:07-0365, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010). The better course of action therefore is to file the motion in a timely manner after the award of benefits. *Foster*, 2011 WL 4479087, at *1 (citing *Pierce*, 440 F.3d 657); *see also Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *3 (S.D. Tex. Oct. 12, 2017) ("The deadline will not be extended indefinitely, however, and the fee request must be made within 'a reasonable time.' ") (collecting cases).[7]

Here, Plaintiff received the final notice of award on May 16, 2019, and moved for an award of attorney's fees on November 5, 2019. (*See* docs. 26; 26-1.) Even though the motion for attorney's fees was filed over five months after the final notice of award, Plaintiff had "until after conclusion of the administrative proceedings, *including the determination of the administrative fee* in this case," to file his motion. (*See* doc. 21 (emphasis added).) The authorization to charge and collect fee was sent to Plaintiff's counsel on January 24, 2020. (*See* doc. 31-1.) Because the motion for attorney's fees under § 406(b) was filed before the administrative proceedings had concluded, it has been filed within a reasonable time. *See Pierce*, 440 F.3d at 664.

**B.    Reasonableness**

The reasonableness of attorney's fees awarded under a fee-shifting statute is generally determined by using the lodestar method.[8] *Jeter v. Astrue*, 622 F.3d 371, 378 n.1 (5th Cir. 2010)

---

[7]District courts in this circuit have used their discretion to find motions timely even when they have been filed more than fourteen days after the award of benefits. *Compare Daigle v. Social Sec. Admin.*, No. CIV.A. 06-2393, 2010 WL 3522389, at 1-3 (W.D. La. Aug 31, 2010) (attorney's fees motion was timely when filed over four months after the Commissioner issued a favorable decision) and *Foster*, 2011 WL 4479087, at *2 (motion was timely when filed four months after the Commissioner issued a favorable decision), *with Taharah v. Astrue*, No. CIV.A. 4:06-3801, 2011 WL 1882821, at *1 (S.D. Tex. May 16, 2011) (motion was untimely when filed a year after the notice of award).

[8]This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000) (citations omitted).

(citing *Gisbrecht*, 535 U.S. at 801). Noting that § 406(b) is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *See Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give the contingency fee agreement 'primacy'", although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order [to disallow windfalls for lawyers]." *Id.* at 808 (citations and quotations omitted). Courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. *Jeter*, 622 F.3d at 381. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17. The award under § 406(b) will be offset by any EAJA fees awarded.[9] *Id.* at 796;

---

[9]The EAJA authorizes an award against the Government for reasonable fees in "civil action[s]." *See* 28 U.S.C.

*accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but . . . must refun[d] to the claimant the amount of the smaller fee.") (citations and internal quotation marks omitted).

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that on average only 35 percent of claimants who appealed their case to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. (*See* doc. 16.)

Counsel's resulting hourly rate of $730.72[10] falls well below amounts that have been approved by courts as reasonable. *See, e.g., Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but fair compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of

---

§§ 2412(d)(1)(A) and (2)(A).
[10] Counsel's hourly rate was determined by dividing the amount sought of $27,000.00 by the 36.95 hours of attorney work devoted to the appeal of this case. (*See* docs. 26-2; 26-5.) Although Plaintiff's motion contends that 35.95 attorney hours were expended, the declaration of Plaintiff's counsel and billing records actually reflect 36.95 attorney hours. (*Compare* doc. 26 at 9 *with* docs. 26-2, 26-5.)

6

compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"). The resulting hourly rate requested here, therefore, seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 35 hours reviewing the evidence and drafting a 25-page summary judgment brief and an 11-page reply brief. (*See* docs. 14, 16, 26-2.) Given the multiple denials at the administrative level, the attorney's success in both the appeal and subsequent administrative hearing appears to be attributable to his own work. The contingency fee requested in this case represents less than 20 percent of the past-due benefits awarded to Plaintiff. (*See* docs. 26 at 7-8; 26-2.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee. (doc. 26-3); *see Jeter*, 622 F.3d at 381-82; *see also Brannen*, 2004 WL 1737443, at *6 ("When, as here, the agreement calls for a fee of twenty-five percent of past-due benefits—*the same percentage allowed by statute*—the fee contemplated by the agreement, if not presumptively reasonable, is at least a forceful starting point and solid benchmark." (emphasis original)).

After weighing the relevant factors, the court finds that the requested contingency fee award in the amount of $27,000.00 is reasonable and should be granted.[11]

### III. RECOMMENDATION

Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*, filed November 5, 2019 (doc. 26), should be **GRANTED**. Plaintiff's counsel should be awarded $27,000.00 in attorney's fees out of Plaintiff's past-due benefits under

---

[11]As noted, Plaintiff's counsel was previously awarded EAJA fees. (*See* doc. 25.) In such instances, counsel is required to "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's counsel represents that he will properly reimburse the $7,011.43 that he received under EAJA. (*See* doc. 26 at 12.)

42 U.S.C. § 406(b).

**SO RECOMMENDED** on this 31st day of March, 2020.

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE